MANNING CURTIS BRADSHAW
   & BEDNAR LLC
Steven C. Bednar (ISB # 7412)
James E. Ji (*pro hac vice*)
Timothy M. Considine (*pro hac vice*)
136 East South Temple, Suite 1300
Salt Lake City, UT  84111
Telephone: (801) 363-5678
Facsimile: (801) 364-5678
sbednar@mc2b.com
jji@mc2b.com
tconsidine@mc2b.com

*Attorneys for Defendant Sun Valley Company*

## IN THE UNITED STATES DISTRICT COURT
## IN AND FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ANN ERICKSON,<br><br>              Plaintiff,<br><br>     - vs -<br><br>SUN VALLEY COMPANY, a Wyoming Corporation,<br><br>            Defendant. | **ANSWER TO COMPLAINT**<br><br>Case No. 1:13-cv-00402-REB<br><br>Judge Ronald E. Bush |

     Defendant Sun Valley Company ("SVC" or "Defendant"), by and through its

undersigned counsel of record, hereby answers the Complaint filed by Plaintiff Ann Erickson

("Plaintiff") in the above-captioned matter and asserts affirmative defenses as follows:

**FIRST DEFENSE**

For its First Defense, Defendant responds to the allegations in the Complaint as set forth below.  Defendant hereby denies any allegation in the Complaint that is not expressly admitted below.

**NATURE OF CASE**

1.      Defendant admits that this is an action filed under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, as amended ("ADA-AA"), the Age Discrimination and Employment Act ("ADEA"), and the Idaho Human Rights Act ("IHRA"); however, Defendant denies that Plaintiff is entitled to damages under any of the foregoing acts, or that Defendant has deprived Plaintiff of any rights secured by those acts.

**PARTIES, JURISDICTION AND VENUE**

2.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff is a resident of Hailey, Idaho, and Defendant therefore denies the same on that basis.  Defendant admits that it hired Plaintiff as a seasonal employee in the fall of 1976 or 1977 and terminated Plaintiff the following spring of each year that she worked, with her most recent termination, in the ordinary course of events, taking place on April 15, 2012.

3.      Defendant admits it operates a ski resort and employs over 200 instructors in its SnowSports School.  Defendant denies the remaining allegations of Paragraph 3 as an incomplete and inaccurate statement of its property holdings.

4.      Defendant admits the allegations in Paragraph 4 of the Complaint.

5.      Defendant admits the allegations in Paragraph 5 of the Complaint.

## ADMINISTRATIVE PROCEEDINGS

6.     Defendant admits that Plaintiff filed a Charge of Discrimination against Defendant with the Idaho Human Rights Commission ("IHRC") in February 2011, asserting discrimination on the basis of sex, age, and retaliation.

7.     Defendant admits that Plaintiff filed a supplementary IHRC Charge of Discrimination against Defendant in March 2012, asserting discrimination on the basis of sex, age, and retaliation.

8.     Defendant admits that Plaintiff filed a second supplementary IHRC Charge of Discrimination against Defendant on November 30, 2012, asserting discrimination on the basis of sex, age, disability, and retaliation.

9.     Defendant admits the allegations in Paragraph 9 of the Complaint.

10.     Defendant admits that this lawsuit was filed within 90 days of June 21, 2013.  The remaining allegations in Paragraph 10 of the Complaint are a legal conclusion for which no response from Defendant is required; however, to the extent that a response is required, Defendant denies those allegations.

## GENERAL ALLEGATIONS

11.     Defendant admits that it first hired Plaintiff as a ski school instructor in either 1976 or 1977.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 11 and therefore denies the same on that basis.

12.     Defendant admits the allegations in Paragraph 12 of the Complaint.

13.     Defendant denies the allegations in Paragraph 13 of the Complaint as an incomplete and inaccurate recitation of the facts and circumstances of Plaintiff's employment. Plaintiff was hired as a full-time seasonal employee in the fall of any given year she worked and then subsequently terminated each spring.

14.     Defendant admits the allegations of Paragraph 14 of the Complaint.

15.     Defendant denies the allegations in Paragraph 15 of the Complaint as an incomplete and inaccurate recitation of the facts and circumstances of Plaintiff's employment. Defendant expressly denies that it was aware Allan Patzer did not conduct himself in a professional manner in the workplace.  Defendant expressly denies that Defendant's Human Resources Director admitted to Plaintiff that Mr. Patzer had a blind spot, as Plaintiff defines that phrase in Paragraph 15.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 15 and therefore denies the same on that basis.

16.     Defendant denies the allegations in Paragraph 16 of the Complaint, and each of its subparts, as an incomplete and inaccurate recitation of the facts and circumstances of Plaintiff's employment and Defendant's actions.  Defendant responds as follows to the specific allegations in the subparts of Paragraph 16:

        a.     Defendant admits that it investigated Plaintiff's allegation relating to a comment allegedly made by Mr. Patzer on December 31, 2009.  Defendant admits that its investigation found corroborating evidence from third-parties that Mr. Patzer used the word "slut", but denies Plaintiff's statement as to how the word was used.  Defendant admits that it

took immediate corrective action as a result of that investigation.  Defendant denies all remaining allegations in subparagraph a. of Paragraph 16.

      b.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Mr. Patzer laughed when a former ski instructor commented to a group of employees, including Plaintiff, that instructors used to follow women down the hill to watch their "rear ends," and Defendant therefore denies the same on that basis.  Defendant admits that Mr. Patzer repeated a comment made, in jest, by a guest that to be safe in the half-pipe he should wear condoms.  Defendant denies the allegation that Mr. Patzer took no action when a Caucasian employee reminded a black instructor of a time when blacks had to ride in the back of the bus and then told that black employee to "hang in there boy."

      c.      Defendant admits that, after an accidental death occurred on the mountain on January 22, 2010, Mr. Patzer put his arm around Plaintiff and said "thank you" for her efforts during a long and emotional day.  Defendant denies the remaining allegations in this subparagraph.

      d.      Defendant denies the allegations in this subparagraph.

      e.      Defendant denies the allegations in this subparagraph.

17.      Defendant admits that Plaintiff first made allegations relating to her workplace as early as January 2010.  Defendant denies the remaining allegations in Paragraph 17.

18.      Defendant admits that Plaintiff contacted Matt Parke with certain allegations in March 2010.  Defendant denies the remaining allegations in Paragraph 18.

19.      Defendant denies the allegations in Paragraph 19 of the Complaint.

20.     Defendant admits the allegations in Paragraph 20 of the Complaint.

21.     Defendant admits that Plaintiff spoke with Mr. Parke on December 27, 2010. Defendant denies the remaining allegations in Paragraph 21 as an incomplete and inaccurate characterization of the meeting.

22.     Defendant admits the allegation that Plaintiff emailed Mr. Parke on December 29, 2010, and Defendant states that the email speaks for itself and therefore allegations concerning the content of the e-mail require no other response.  To the extent a response is required, Plaintiff's allegations regarding the content of the email are an incomplete recitation of the email's contents and therefore, on that basis, Defendant denies the same.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff was upset by "SVC's response."  Defendant denies the remaining allegations in Paragraph 22.

23.     Defendant admits the allegations of Paragraph 23 of the Complaint.

24.     Defendant denies that Plaintiff was required to "pledge her support to SVC before being allowed to return to work on January 7, 2011."  Defendant admits that, during the December 27, 2010 meeting between Plaintiff and Mr. Parke, Plaintiff stated she loved the ski school and wanted to work there until she retires and that she would support management as long as it was doing nothing illegal or discriminatory.  Defendant denies the remaining allegations in Paragraph 24.

25.     Defendant denies the allegations set forth in Paragraph 25 and its subparagraphs, and responds specifically to each subparagraph as follows:

a.          Defendant denies the allegations in subparagraph a.

b.      Defendant denies the allegation in subparagraph b.

c.      Defendant admits that Steve Rath was temporarily assigned Plaintiff's duties as a result of a significant injury Plaintiff sustained in January 2012 that precluded her from returning to work as a ski instructor.  Defendant denies that such action was retaliatory.

d.      Defendant admits that it considered a fitness evaluation program for ski instructors but that it did not impose such a requirement.  Defendant denies that such action was retaliatory.

e.      Defendant denies that it ignored and/or dismissed Plaintiff's alleged concerns about "discrimination/retaliation" in the workplace.  Defendant admits that Plaintiff emailed Mr. Patzer and Mr. Parke on September 27, 2011 and states that the email speaks for itself and no response is required.  To the extent a response is required, Plaintiff's allegations regarding the contents of the email are an incomplete recitation of the email's contents and therefore, on that basis, Defendant denies the same.  Defendant denies failing to respond to Plaintiff's email.  Defendant denies that any of its alleged actions set forth in subparagraph e. were retaliatory.

26.     Defendant admits that Plaintiff sustained an injury while skiing and received worker's compensation benefits.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 26.

27.     Defendant denies the allegations of Paragraph 27 of the Complaint.

28.     Defendant admits the allegations of Paragraph 28 and states that any such requests for light duty work were in response to requests for same by the injured individuals and were granted only after provision by the injured employees of a medical release authorizing the type of light duties assigned.

29.     Defendant admits that it was aware that Plaintiff's injuries prevented her from performing the essential job function of skiing and Plaintiff never requested accommodation or light duty assignments from Defendant or provided a release to return to work following her injury.

30.     Defendant admits that, following Plaintiff's injury on January 1, 2012, her name was replaced on certain organizational charts, as Plaintiff was unable to work due to her injury. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation that an organization chart or charts without Plaintiff's name was (were) provided to staff in mid-February 2012.

31.     Defendant denies the allegations of Paragraph 31 of the Complaint.

32.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32, and therefore denies the same on that basis.

33.     Defendant denies the allegations of Paragraph 33 of the Complaint, and affirmatively alleges that Plaintiff had both the ability and responsibility to communicate with Defendant concerning her medical condition and ability to return to work.

34.     Defendant admits that it wrote to Plaintiff on October 31, 2012 and states that the letter speaks for itself and therefore allegations concerning the content of the letter require no

other response.  To the extent a response is required, Plaintiff's allegations are an incomplete and inaccurate recitation of the letter's contents and, on that basis, Defendant denies the same.

35.      Defendant admits that Plaintiff sought a meeting with Tim Silva in an email dated November 8, 2012.  Defendant states that the email speaks for itself and, on that basis, denies the remaining allegations in Paragraph 35 as an inaccurate and incomplete characterization of the content of the email.

36.      Defendant admits the allegations of Paragraph 36 of the Complaint.

### FIRST CAUSE OF ACTION
**(Unlawful Retaliation in Violation of Title VII of
the Civil Rights Act of 1964, ADEA, ADEA-AA, IHRA)**

37.      Paragraph 37 merely reasserts prior allegations of the Complaint.  Defendant responds to such prior allegations as set forth above.

38.      Defendant denies the allegations of Paragraph 38.

39.      Defendant admits the allegations of Paragraph 39.

40.      Defendant denies the allegations of Paragraph 40.

41.      Defendant denies the allegations of Paragraph 41.

42.      Defendant denies the allegations of Paragraph 42 and also denies that Plaintiff is entitled to any of the relief requested in Paragraph 42.

43.      Defendant denies that Plaintiff is entitled to any of the relief requested in Paragraph 43.

## SECOND CAUSE OF ACTION
**(Disability Discrimination in Violation of the ADA-AA and the IHRA including termination, failure to engage in the interactive process, and failure to accommodate)**

44.     Paragraph 44 merely reasserts prior allegations of the Complaint.  Defendant responds to such prior allegations as set forth above.

45.     Defendant admits that it was aware that Plaintiff sustained a serious injury while skiing on January 1, 2012, which prevented her from being able to ski or perform the essential functions of her job.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 45, and therefore denies the same on that basis.

46.     The allegations in Paragraph 46 of the Complaint state a legal conclusion for which no response from Defendant is required; however, to the extent that a response is required, Defendant denies those allegations.

47.     Defendant denies the allegations of Paragraph 47.

48.     Defendant denies the allegations of Paragraph 48.

49.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 49, and therefore denies the same on that basis.

50.     Defendant denies the allegations of Paragraph 50 on the basis that it incorrectly presupposes that Plaintiff exercised her responsibility to communicate concerning a desire for an alternate accommodated position, a fact which Defendant denies.

51.     Defendant denies the allegations of Paragraph 51.

52.     Defendant denies the allegations of Paragraph 52 and also denies that Plaintiff is entitled to any of the relief requested in Paragraph 52.

53.     Defendant denies the allegations of Paragraph 53 and also denies that Plaintiff is entitled to any of the relief requested in Paragraph 53.

54.     Defendant denies that Plaintiff is entitled to any of the relief requested in Paragraph 54.

### THIRD CAUSE OF ACTION
**(Hostile Work Environment in Violation of Title VII, ADEA, and IHRA)**

55.     Paragraph 55 merely reasserts prior allegations of the Complaint.  Defendant responds to such prior allegations as set forth above.

56.     Defendant denies the allegations of Paragraph 56.

57.     Defendant denies the allegations of Paragraph 57.

58.     Defendant denies the allegations of Paragraph 58.

59.     Defendant denies the allegations of Paragraph 59.

60.     Defendant denies the allegations of Paragraph 60.

61.     Defendant denies that Plaintiff is entitled to any of the relief requested in Paragraph 61.

62.     Defendant denies the allegations of Paragraph 62 and also denies that Plaintiff is entitled to any of the relief requested in Paragraph 62.

63.     Defendant denies that Plaintiff is entitled to any of the relief requested in Paragraph 63.

## FOURTH CAUSE OF ACTION
### (Age Discrimination in violation of ADEA and IHRA)

64.     Defendant admits that Plaintiff was 59 years old when she was terminated, as she was every spring she worked for Defendant, at the end of the 2011-12 ski season.

65.     Defendant denies the allegations of Paragraph 65.

66.     Defendant denies the allegations of Paragraph 66.

67.     Defendant denies the allegations of Paragraph 67.

68.     Defendant denies the allegations of Paragraph 68 and also denies that Plaintiff is entitled to any of the relief requested in Paragraph 68.

69.     Defendant denies the allegations of Paragraph 69 and also denies that Plaintiff is entitled to any of the relief requested in Paragraph 69.

70.     Defendant denies that Plaintiff is entitled to any of the relief requested in Paragraph 70.

## ALLEGED PRAYER FOR RELIEF

Defendant responds to the numbered paragraphs in Plaintiff's prayer for relief as follows:

1.     Defendant denies that Plaintiff is entitled to the relief requested in Paragraph 1.

2.     Defendant denies that Plaintiff is entitled to the relief requested in Paragraph 2.

3.     Defendant denies that Plaintiff is entitled to the relief requested in Paragraph 3.

4.     Defendant denies that Plaintiff is entitled to the relief requested in Paragraph 4.

5.     Defendant denies that Plaintiff is entitled to the relief requested in Paragraph 5.

6.     Defendant denies that Plaintiff is entitled to the relief requested in Paragraph 6.

7.     Defendant denies that Plaintiff is entitled to the relief requested in Paragraph 7.

### SECOND DEFENSE

Plaintiff's conduct is the sole and exclusive legal cause of the damages and harm alleged.

### THIRD DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### FOURTH DEFENSE

One or more of Plaintiff's claims is barred by the statute of limitations.

### FIFTH DEFENSE

All employment actions and decisions regarding Plaintiff are supported by legitimate non-retaliatory and non-discriminatory reasons.

### SIXTH DEFENSE

One or more of Plaintiff's claim may be barred, or Plaintiff's recovery may be restricted, by the doctrine of after-acquired evidence.

### SEVENTH DEFENSE

Plaintiff has failed in her obligation to mitigate her alleged damages.

### EIGHTH DEFENSE

Plaintiff cannot demonstrate a causal connection between any alleged protected activity and any alleged adverse employment action.

### NINTH DEFENSE

The circumstances surrounding Plaintiff's alleged adverse employment actions do not give rise to an inference of discrimination or retaliation.

**TENTH DEFENSE**

Plaintiff's damages, if any, are subject to the damages caps imposed by federal law.

**ELEVENTH DEFENSE**

Plaintiff's claims may be barred by the doctrines of laches, estoppel, and waiver.

**TWELFTH DEFENSE**

Plaintiff's claims may be barred by the business necessity defense.

**THIRTEENTH DEFENSE**

Plaintiff's claims may be barred because Defendant exercised reasonable care to prevent any discriminatory conduct and Plaintiff unreasonably failed to take advantage of corrective opportunities provided by Defendant.

**FOURTEENTH DEFENSE**

Plaintiff failed in the obligations and responsibilities imposed upon her by Title VII of the Civil Rights Act of 1964, ADA, ADA-AA, ADEA, and/or IHRA.

**FIFTEENTH DEFENSE**

One or more of Plaintiff's claims fail as a matter of law because Plaintiff has failed to exhaust her administrative remedies.

**SIXTEENTH DEFENSE**

Plaintiff was not subjected to any conduct that constituted discrimination based upon disability, nor was Plaintiff subjected to any adverse employment action based upon her alleged disability.

## SEVENTEENTH DEFENSE

Plaintiff was not subjected to any conduct that constituted discrimination based upon age, nor was Plaintiff subjected to any adverse employment action based upon age.

## EIGHTEENTH DEFENSE

Plaintiff was not subjected to any conduct that constituted discrimination based upon gender, nor was Plaintiff subjected to any adverse employment action based upon her gender.

## NINETEENTH DEFENSE

Plaintiff's claims may be barred in whole or part by the same actor defense.

## RESERVATION

Defendant reserves the right to amend its Answer and its right to supplement or modify this list of affirmative defenses to the Complaint.

WHEREFORE, Defendant asks that Plaintiff's Complaint be dismissed with prejudice, that Plaintiff take nothing thereby, that Defendant be awarded its costs and attorney's fees in defending this action, and for such other and further relief as the Court deems just.

DATED:  October 3, 2013

Respectfully submitted,

MANNING CURTIS BRADSHAW
   & BEDNAR LLC

/s/ Steven C. Bednar
_____
Steven C. Bednar (ISB # 7412)
James E. Ji (*pro hac vice*)
Timothy M. Considine (*pro hac vice*)

136 East South Temple, Suite 1300
Salt Lake City, UT  84111
Telephone: (801) 363-5678
Facsimile: (801) 364-5678
sbednar@mc2b.com
jji@mc2b.com
tconsidine@mc2b.com

## CERTIFICATE OF SERVICE

       I hereby certify that on the 3rd day of October, 2013, I served true and correct copies of the foregoing **ANSWER TO COMPLAINT** upon the following individuals, in the manner indicated below:

|  |  |
|---|---|
| ___Hand Delivery | Erika Birch |
| ___U.S. Mail | Lauren Schnolnick |
| ___Overnight Mail | STRINDBERG & SCHNOLNICK, LLC |
| ___Fax Transmission | 802 W. Bannock St., Suite 308 |
| ___E-Mail Transmission | Boise, ID 83702 |
| _x_USDC ECF Transmission | Telephone: (208) 336-1788 |
|  | Facsimile: (208) 287-3708 |
|  | erika@idahojobjusitce.com |
|  | lauren@idahohjobjustice.com |

Attorneys for Plaintiff

/s/ Steven C. Bednar
_____